IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

S.P., a minor, by her parents and next friends,
Susan Morrison and Martin Plissner
2640 Woodley Place, NW
Washington, D.C. 20008

and

SUSAN MORRISON and MARTIN PLISSNER
2640 Woodley Place, NW
Washington, D.C. 20008,

 Plaintiffs,

 v.

DISTRICT OF COLUMBIA,
A Municipal Corporation,
One Judiciary Square,
441 Fourth Street, NW,
Washington, D.C. 20001,

and

CLIFFORD B. JANEY, ED.D, (officially as)
Superintendent,
District of Columbia Public Schools,
825 North Capitol Street, NE,
Washington, D.C. 20002,

 Defendants.

Civil Action No. _____

**COMPLAINT**
(For Declaratory and Injunctive Relief)

  After providing S.P. with accommodations based on a language disability and ADHD for four years, officials at the District of Columbia Public Schools ("DCPS") now are attempting to withhold her diploma because she availed herself of those accommodations. With less than three months remaining before graduation, S.P. and her parents were informed by S.P.'s school that the

accommodation granted by the school and confirmed on each transcript that waived S.P.'s foreign language requirement had not been formally approved by DCPS and, as a result, S.P. now was required to complete two years of foreign language study before she can graduate. Defendants' actions were undertaken in bad faith and with gross misjudgment. Without this Court's intervention, S.P.'s education will be completely stymied, and she will not be able to matriculate at the college she has been accepted to for the Fall of 2007.

## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101; 42 U.S.C. §§ 1983 ("Section 1983") and 1988 ("Section 1988); and 28 U.S.C. §§ 1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202. Furthermore, as is addressed in a motion for injunctive relief, accompanying this Complaint, plaintiffs respectfully request that this Court pursuant to Rule 65 of the Federal Rules of Civil Procedure issue the requested injunctive relief.

## Parties

2. Plaintiff S.P. is a qualified individual with a disability who has received services from defendants pursuant to Section 504. Her parents Susan Morrison and Martin Plissner bring this action on S.P.'s behalf and in their own right.

3. At all times relevant to this complaint, plaintiffs were residents of the District of Columbia.

4. The District of Columbia is a municipal corporation that receives federal financial assistance and is required to comply with Section 504 and the ADA.

5.  Clifford B. Janey is the Superintendent of DCPS, and as such, is the public official charged with the responsibility for ensuring that DCPS complies with federal law as to the education of disabled children.

## Factual Allegations

*Background*

6.  S.P. is an eighteen-year-old student enrolled at the School with Walls, a District of Columbia Public School, with attention deficit/hyperactivity disorder and a language disorder.

7.  Because she was having academic difficulties prior to her enrollment at School Without Walls, a psychological evaluation was performed in September of 1999, when Sara was approximately 11 years old. She was found to have attentional problems and "difficulties...in her understanding and execution of language." Additionally she had "highly superior nonverbal reasoning skills." (September 1999 Stixrud evaluation)

8.  In September of 2003, Sara began high school at the School Without Walls, a DCPS school. She had continued academic difficulties, and in February of 2004, her parents commissioned an updated psychological evaluation, this time by William Stixrud and Associates ("Stixrud report"). Sara was diagnosed with a Language Disorder and Attention-Deficit/Hyperactivity Disorder.

9.  The Stixrud report, which recommended that S.P. receive special education services pursuant to an Individualized Education Plan under the Individuals with Disabilities Education Act ("IDEA"), was shared with the school.

***S.P. was educated pursuant to a 504 plan.***

10. On May 11, 2004, the Multidisciplinary Team charged with making those

decisions determined that S.P. was not eligible for services under the IDEA but instead was eligible for services and accommodations under Section 504.

11. Since May of 2004, S.P. has been educated pursuant to a 504 plan. as a student eligible for services under Section 504.

12. Because of her disabilities, especially the language disability, defendants agreed to waive the language requirement needed for high school graduation.

13. The language waiver was agreed to by plaintiffs and defendants in the spring of 2004, which was S.P.'s freshman year.

14. S.P.'s high school course of study was conducted pursuant to the language wavier.

15. After that meeting, all of the schedules, transcripts, and report cards which plaintiffs received from defendants indicated that the language requirement had been waived.

16. At the direction of school officials, S.P.'s guidance counselor assisted her with developing a schedule each quarter that would ensure she had sufficient additional courses to make up for the credits typically earned in foreign language courses.

17. S.P.'s official transcript indicates that she is on target to graduate in June of 2007.

***DCPS is attempting to retroactively take back this accommodation and prevent S.P. from graduating.***

18. In March of 2007, School Without Walls officials orally notified Ms. Morrison and Mr. Plissner that, because of a decision made "downtown" based on some inadequacy in paperwork, S.P. would not graduate because she had not met the language requirement.

19. Upon information and belief, as a result of negligence on the part of School Without Walls and DCPS, and due in no part to a failure on the part of S.P. or her parents, S.P.'s waiver had not been officially approved.

20. High school graduation at School Without Walls is scheduled for June 13, 2007.

21. DCPS has informed S.P. and her parents that she now is required to make up the two years of foreign language credits before she will be issued a diploma.

22. There is no viable administrative process which can provide a resolution of this matter before June 13th.

23. If S.P. is not allowed to graduate, she will be injured irreparably.

24. Without a high school diploma S.P. will not be able to pursue matriculate at the Corcoran College of Art and Design, where she is due to matriculate in the Fall of 2007 after receiving her high school diploma.

## COUNT I

25. Plaintiffs hereby incorporate paragraphs 1 -  as if included herein.

26. Defendants' refusal to allow S.P. to graduate from high school violates her rights under Section 504.

## COUNT II

27. Plaintiffs hereby incorporate paragraphs 1 - 24 as if included herein.

28. Defendants' failure to allow S.P. to graduate from high school violates her rights under the ADA.

## **Prayer for Relief**

WHEREFORE, plaintiffs respectfully request that this Court:

1. Issue a judgment for plaintiffs and against defendants;

2. Issue injunctive relief requiring defendants to allow S.P. to graduate from School Without Walls;

4   Award attorneys' fees and costs for this action to plaintiffs;

5. Award any other relief that this Court deems just and appropriate.

Respectfully Submitted,

_____/s/_____
Michael J. Eig        #912733
Haylie M. Iseman      #14782
Michael J. Eig and Associates, P.C.
5454 Wisconsin Avenue, Suite 760
Chevy Chase, MD 20815
(301) 657-1740

Matthew B. Bogin     #911552
77 South Washington Street
Rockville, Maryland 20850
(301) 251-4410

*Counsel for Plaintiffs*

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

S.P., a minor, by her parents and next friends, Susan Morrison and Martin Plissner

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___D.C.___
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael J. Eig & Associates, P.C.
5454 Wisconsin Avenue, Suite 760
Chevy Chase, Maryland 20815
(301) 657-1740

## DEFENDANTS

District of Columbia, et. al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___D.C.___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-00937
Assigned To : Walton, Reggie B.
Assign. Date : 5/21/2007
Description: TRO/PI

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ◉ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☒ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding ○ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
20 U.S.C. secs. 1400, et seq.

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 5/21/07    SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

   I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

   III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

   IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

   VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

   VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

